NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50177 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00390-RGK-23 |
| v. | |
| MONICA RODRIGUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50253 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00390-RGK-12 |
| v. | |
| ALEXIS JAIMEZ, AKA Alexis Dominic Jaimez, AKA Alexis Dominica Jaimez, AKA Lex, AKA Lil Travieso, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 17, 2022
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,** District Judge.

Following a jury trial, Monica Rodriguez and Alexis Jaimez appeal their convictions for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and RICO conspiracy, in violation of 18 U.S.C. § 1962(d). Rodriguez challenges each conviction for lack of sufficient evidence, and both defendants contest the jury instructions and special verdict forms for each charge.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"[W]e review de novo the district court's denial of [a] motion to acquit, affirming the conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Perez*, 962 F.3d 420, 446 (9th Cir. 2020) (citation omitted).

"A preserved instructional error warrants reversal unless it is harmless beyond a reasonable doubt[, and an] unpreserved objection is subject to plain error review." *United States v. Rodriguez*, 971 F.3d 1005, 1012 (9th Cir. 2020).

---

** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Jaimez also challenges the sufficiency of the evidence for his convictions. We affirm Jaimez's convictions in a concurrently filed, published opinion. The opinion also addresses Jaimez's challenge to the money laundering conspiracy jury instructions.

1. Regarding her drug distribution conspiracy conviction, Rodriguez does not contest the existence of the criminal enterprise, the Canta Ranas Organization (CRO), or that it was involved in a drug distribution conspiracy. Rather, Rodriguez challenges the sufficiency of the evidence connecting her to the conspiracy. *See United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) (en banc). But the evidence established that Rodriguez held an elevated status in the CRO; facilitated communications with various CRO members and its incarcerated leader, David Gavaldon; personally sent Gavaldon drug and extortion proceeds; and benefitted from the gang's activities through her receipt of money and status. Viewed in the light most favorable to the prosecution, this was sufficient to show that Rodriguez knew the purpose and scope of the drug distribution conspiracy, intended to effectuate its purpose, and believed she would benefit from its success. *See id.* at 1319–20.

2. Sufficient evidence supported Rodriguez's money laundering conspiracy conviction under 18 U.S.C. § 1956(h). As we have explained in our accompanying published opinion, the elements of a § 1956(h) violation are: (1) there was an agreement to commit money laundering, (2) the defendant knew of the objective of the agreement, and (3) the defendant joined the agreement with the intent to further its unlawful purpose. The government presented significant evidence of an agreement to commit money laundering. And, viewing the evidence in the light

3

most favorable to the prosecution, Rodriguez's status as a high-ranking member of a sophisticated criminal enterprise, her knowledge that the funds she sent Gavaldon came from the CRO, and her efforts to conceal the source of funds throughout her coded communications are together sufficient to show she knew the objective of the money laundering agreement and intended to further its purpose.

3. We review Rodriguez's challenge to the money laundering conspiracy jury instructions for plain error. *See United States v. Macias*, 789 F.3d 1011, 1017 (9th Cir. 2015). Even if the district court used the instruction that Rodriguez now seeks— omitting the line, "The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful"—it is highly unlikely "the result of the proceeding would have been different" because sufficient evidence showed Rodriguez knew her own actions, taken in furtherance of the conspiracy, were unlawful. *United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008) (citation omitted).

4. Sufficient evidence also supported Rodriguez's conviction for RICO conspiracy under 18 U.S.C. § 1962(d). *See United States v. Fernandez*, 388 F.3d 1199, 1230-31 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005). The government proved Rodriguez participated in at least two predicate racketeering acts: drug distribution conspiracy and money laundering conspiracy. *See* §§ 1962(c), 1961(5); *see also Fernandez*, 388 F.3d at 1259 ("[P]redicate

racketeering acts that are themselves conspiracies may form the basis for a charge and eventual conviction of conspiracy under § 1962(d).")  Her knowledge of and intent to accomplish those conspiracies, together with her role in the CRO, were sufficient to prove beyond a reasonable doubt that she joined the RICO conspiracy knowing of its object and intending to facilitate its goals. *See United States v. Mendoza*, 25 F.4th 730, 740 (9th Cir. 2022).[2]

5. The RICO conspiracy jury instructions for each defendant misstated the law because the district court should have instructed that the jury needed to find that each defendant specifically intended that a member of the conspiracy would commit each element of the substantive offense. *See Ocasio v. United States*, 578 U.S. 282, 288 (2016).  But sufficient evidence showed that each defendant committed each element of the substantive offense—two predicate racketeering acts—and specifically intended to do so.  *See Fernandez*, 388 F.3d at 1259 (stating that conspiracies constitute predicate racketeering acts under § 1962(d)).  Thus, the proper instruction would not have affected the verdict, so the given instruction was harmless. *See Perez*, 962 F.3d at 441.

6. The drug quantity jury instructions and special verdict forms, used for each defendant's drug distribution conspiracy and RICO conspiracy convictions, erroneously permitted the jury to convict if it found the drug quantity and type were

---

[2] Appellants' unopposed motion for judicial notice, Dkt. No. 26, is granted.

reasonably foreseeable to the defendants or within the scope of the conspiracy agreement. *See Collazo*, 984 F.3d at 1315. Instead, the government was required to prove the conspiracy involved a specific drug quantity and type. *Id.* at 1336. However, it is "uncontested and supported by overwhelming evidence," *id.* (citation omitted), that the drug distribution conspiracy involved more than 50 grams of methamphetamine. Therefore, the instructional error in this case was harmless and did not contribute to the guilty verdicts, and so we need not reverse the convictions. *See id.*; *Perez*, 962 F.3d at 441.

Additionally, failure to instruct the jury on drug quantity findings for the RICO conspiracy charge does not mandate reversal. The jury received the quantity instruction for the underlying drug distribution conspiracy and was instructed to fill out the drug quantity finding for the RICO charge only if it found the defendants guilty of the distribution conspiracy. Thus, the quantity instruction was accounted for in the RICO conspiracy charge, and the failure to receive the same instruction twice did not contribute to the guilty verdict. *See Perez*, 962 F.3d at 441.

**AFFIRMED.**